IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCUS RASHAWN SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:12cv1097-WKW |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

The petitioner, Marcus Rashawn Smith, has filed a *pro se* pleading with this court, self-styled as a "Petition for Habeas Corpus," in which he asserts claims challenging the validity of his 2008 convictions for bank robbery and federal firearms offenses. (Doc. No. 1.)

The law is settled that 28 U.S.C. § 2255 affords the exclusive remedy for challenging a federal conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane v. Hanberry*, 601 F.2d 805 (5th Cir. 1979). The remedy afforded by § 2255 is not deemed inadequate or ineffective merely because an inmate's motion is barred by the applicable one-year period of limitation or by the gatekeeping provision on successive petitions contained in 28 U.S.C. §§ 2255 and 2244(b)(3)(A). *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). Moreover, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision." *In re*

*Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

The claims Smith seeks to advance at this time may properly be presented only in a 28 U.S.C. § 2255 motion. "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). Accordingly, this court concludes that Smith's instant pleading should be construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

In light of the foregoing, and in compliance with the requirements of *Castro v. United States*, 540 U.S. 375, 382-83 (2003), **the court hereby advises Smith of its intention to recharacterize his pleading (Doc. No. 1) as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.** The court **cautions** Smith that such recharacterization renders this motion and any subsequent § 2255 motion filed with this court susceptible to each of the procedural limitations imposed upon § 2255 motions. Specifically, Smith is **cautioned** that the instant motion and any subsequent § 2255 motion shall be subject to the one-year period of limitation and the successive petition bar applicable to post-conviction motions.[1]

---

[1] "A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f). Further, Title 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive [28 U.S.C. § 2255 motion] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

2

In further compliance with the requirements of *Castro*, *supra*, it is

**ORDERED** that **on or before February 4, 2013**, Smith shall advise this court whether he seeks to do **one** of the following:

1. Proceed before this court pursuant to 28 U.S.C. § 2255 on those claims presented in his motion (Doc. No. 1);

2. Amend his motion to assert any additional claims pursuant to 28 U.S.C. § 2255 on which he wishes to challenge the convictions and sentence imposed upon him by this court; or

3. Withdraw his motion.

Smith is **CAUTIONED** that if he fails to file a response in compliance with this order, this cause shall proceed as an action under 28 U.S.C. § 2255, with the court considering only those claims presented in his original motion (Doc. No. 1).

In order to assist Smith in presenting any claims he wishes to assert in a 28 U.S.C. § 2255 motion, the Clerk of Court is **DIRECTED** to provide Smith with the form used for filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

Done this 4th day of January, 2013.

                                  /s/ Susan Russ Walker
                                  SUSAN RUSS WALKER
                                  CHIEF UNITED STATES MAGISTRATE JUDGE